Case 12-14498    Filed 06/28/13    Doc 70

CROF

FILED

JUN 28 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>DAVID GARRY DEAN and<br>KELLI LEE DEAN,<br><br>    Debtors. | Case No. 12-14498-B-7<br><br>DC No. SL-2 |
| In re<br><br>LESLIE SEARCY,<br><br>    Debtor. | Case No. 12-12576-B-7<br><br>DC No. SL-2 |

**MEMORANDUM DECISION REGARDING MOTIONS FOR
REVIEW AND DISGORGEMENT OF FEES**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. B.A.P. R. 8013-1.

Scott Lyons, Esq., appeared on behalf of the moving parties, David and Kelli Dean and Leslie Searcy.

Allen Broslovsky, Esq., appeared on behalf of the respondent, Gregory Blevins, Esq.

    Before the court are two motions for review and disgorgement of fees paid to attorney Gregory Blevins, Esq. ("Blevins"), filed by Blevins' former clients David and Kelli Dean (the "Deans") and Leslie Searcy ("Searcy") (the Deans and Searcy are collectively referred to herein as the "Debtors"). The Debtors seek relief pursuant to 11

U.S.C. § 329[1] and Federal Rule of Bankruptcy Procedure 2017 (the "Motions"). Both Motions were consolidated for purposes of discovery and trial. They were taken under submission after an evidentiary hearing on May 21, 2013.

For the reasons set forth below and after careful consideration of the record, the court will order the following:

(1) That Blevins shall disgorge to the Deans the monies he received for attorney's fees and costs in the amount of $1,200;

(2) That Blevins shall disgorge to Searcy's parents the monies he received on Searcy's behalf for attorney's fees and costs in the amount of $1,000; and

(3) That, for a period of two years, Blevins shall not file any documents in the Bankruptcy Court for the Eastern District of California without also filing copies of the "wet signature" pages showing that they were actually reviewed and signed by his clients and by himself.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105 and 329, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**Background and Findings of Fact.**

Blevins is a licensed attorney who practices law in Tulare, California. He specializes in the practice of criminal defense and bankruptcy, and he was the attorney of record for the Debtors in their chapter 7 bankruptcy cases. Sometime after their discharges were entered and their cases closed, the Debtors retained new counsel, Scott Lyons, Esq. ("Lyons"). Lyons reopened their cases and filed the Motions seeking disgorgement of the monies that had been paid to Blevins. The Debtors contend that

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23 (enacted Apr. 20, 2005).

2

Blevins' compensation exceeded the reasonable value of the services provided and should be disgorged pursuant to § 329(b) of the Bankruptcy Code.

The Deans and Searcy each executed a single-paged contract with Blevins (the "Fee Agreement"), which stated at paragraph 1:

> This is a fixed agreement and becomes completely binding upon signing. The fixed fee is nonrefundable and is earned by the Attorney upon execution of this contract because Client retains the Attorney for purpose of ensuring Attorney's availability for representation as Attorney is foregoing other employment opportunities by being available for Client's cause.

The only language in the Fee Agreement alluding to the services Blevins would provide is found in paragraph 3 and reads, "The Attorney agrees to represent Client in <u>Chapter 7 Bankruptcy filing</u>." (Emphasis in original.)

Using the court's electronic case filing ("ECF") system, someone in Blevins' office filed a voluntary chapter 7 petition for the Deans on May 18, 2012. Searcy's chapter 7 petition was electronically filed on March 23, 2012. Blevins received a fee in the amount of $1,200 from the Deans, and a fee in the amount of $1,000 from Searcy's parents before the petitions were filed. This amount included the filing fees and other costs. With the petitions, the Deans' and Searcy's Schedules A through J, Statements of Financial Affairs, Statements of Intention, and Official Forms 22A were also filed using the ECF system. The last pages of those documents, on the lines where the Debtors were supposed to sign their names and verify under penalty of perjury that the information provided in documents was true and correct, bear only electronic "virtual" signatures. The Deans' signatures appear as "/s/ David Garry Dean, Jr." and "/s/ Kelli Lee Dean." Searcy's signature appears as "/s/ Leslie Searcy."

The court heard sworn testimony during the course of the evidentiary hearing. Both the Deans and Searcy testified that they did not recall reviewing or signing their petitions and schedules. Neither were they provided with copies of the documents that they had purportedly signed and that had been filed on their behalf with the bankruptcy court.

After retaining new counsel and filing these Motions, the Deans and Searcy each

requested their client files from Blevins' attorney, Allen Broslovsky, Esq. ("Broslovsky"). Broslovsky responded to Lyons by letter dated May 9, 2013, which stated that "Mr. Blevins has no hard copies to produce." Included in the correspondence was a computer compact disc (the "CD"). The CD contained digital images of documents comprising the Deans' and Searcy's client files. The only imaged documents on the CD that bore the Deans' or Searcy's handwritten signatures were the intake cards, the forms granting permission to access their credit reports, the Fee Agreements, the Form 21 "Statement[s] of Social Security Number(s)," and copies of their own client records, such as original tax returns. Neither of the petitions, nor any of the schedules and other forms prepared for filing with the court, contained handwritten signatures of the Debtors or of Blevins.

      Blevins admitted that he was aware of his duty to keep hard copies of the signed documents for a period of three years[2] but that he had not obtained the Deans or Searcy's signatures on the petitions and schedules. He also admitted that he had not personally signed any of the documents before they were filed. The Debtors all testified that they had not met with, nor received any legal advice from, Blevins prior to and after their cases were filed. Instead, they testified that all of the advice they did receive came from Blevins' legal assistant, Jeffrey Boggs.

      Neither the Deans nor Searcy were able to complete their § 341 creditors' meetings at the initial sitting because the documents that had been provided to the chapter 7 trustee were incomplete. In each case, the Debtors were required to travel to the courthouse in Fresno, California, and appear for a second meeting with the trustee. It is undisputed that Blevins did not appear with the Deans at their first creditors' meeting. It is also undisputed that Blevins did not appear to represent Searcy at either of her two creditors' meetings. Although the evidence suggests that Blevins was present at the Deans' second meeting, the Deans testified that he did not look like the person who did appear to

---

[2] *See* LBR 9004-1(c)(1)(D).

4

represent them at that meeting.[3] The court is persuaded that the Deans are mistaken, that Blevins did appear with the Deans at their second creditors' meeting but that they did not recognize him to be their attorney. In this regard, this part of the Deans' testimony, that Blevins did not appear at the second meeting, serves to corroborate their other testimony that they had never before met Blevins or spent any time in consultation with Blevins prior to the filing of their petition.

After conclusion of the Debtors' creditors' meetings, their cases were rather uneventful. The Debtors received their discharges, and both cases were closed as "no-asset" cases shortly thereafter. Other than the delay occasioned by having to appear for two creditors' meetings, there is no evidence that either of the Debtors were harmed as a result of Blevins' representation.

**Issues Presented.**

The Debtors have each requested disgorgement of the attorney's fees paid to Blevins in connection with their bankruptcy cases under § 329, which allows the court to consider whether the fees paid exceed the value of the services rendered in connection with their bankruptcy cases. Therefore, the court must decide, first, whether the fees paid by the Deans and by Searcy's parents on her behalf exceeded the value of the services the Debtors received from Blevins. In addition, the court will address two issues which arise from the evidence introduced at trial: (1) whether the Fee Agreements complied with the requirements of BAPCPA; and (2) Blevins' misuse of virtual signatures to represent that the petitions had actually been reviewed and signed by his clients and himself.[4]

---

[3] Blevins arranged for "special appearance counsel" to appear with the Deans and Searcy at their other § 341 creditors' meetings.

[4] At closing argument, Lyons also asked the court to award a punitive monetary sanction against Blevins and to bar him from practicing in the bankruptcy court for an indefinite period of time. Although the testimony and evidence produced at trial might support such extraordinary relief, the Motions themselves only request disgorgement of Blevins' fees. The Debtors' request for punitive and injunctive relief was not pleaded in the moving papers and will not be considered for the first time at closing argument. With regard to the misuse of virtual signatures issue, Blevins acknowledged the problem and consented to accept the restrictions stated herein.

**Discussion and Conclusions of Law.**

Pursuant to § 329 of the Bankruptcy Code, the bankruptcy court has the authority, indeed the duty, to supervise the attorney's fees charged to debtors in bankruptcy cases and to order disgorgement, where appropriate. *See Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). Specifically, the statute provides, in relevant part,

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of such payment, to the extent excessive, to—
>
>     (1) the estate, if the property transferred—
>
>         (A) would have been property of the estate; or
>
>         (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>
>     (2) the entity that made such payment.

11 U.S.C. § 329(b).

<u>An Attorney's Duty to Clients.</u> A debtor who retains the services of an attorney for the purpose of a bankruptcy filing is entitled to an appropriate level of prepetition counseling and subsequent representation by that attorney at each crucial stage of the bankruptcy process. An attorney has a duty to meet and advise his or her clients. *See Bill Parker & Assocs. v. Hope (In re Dalton)*, 101 B.R. 820, 821 (M.D. Ga. 1989) (Disallowance of fees was appropriate for chapter 13 attorney who "failed to meet the minimum standards for bankruptcy practice.") The attorney's duty is not delegable to non-attorneys.

Blevins did not meet with the Debtors; he did not counsel them regarding any non-bankruptcy alternatives, nor did he personally advise them regarding their assets and debts or answer their questions. In addition, he did not represent them at each of their § 341 creditors' meetings and his arrangement to have "special appearance counsel," someone totally unknown to the Debtors, do so did not comply with the requirements of

Local Bankruptcy Rule 2017-1.[5] No evidence was submitted to contradict the Debtors' testimony, that they did not meet with or receive any prepetition advice from Blevins. Blevins and his witnesses testified that it was his "policy" to meet personally or by telephone with his bankruptcy clients prior to filing their cases. However, neither Blevins

---

[5] Local Bankruptcy Rule 2017-1 provides, in part, the following:

(b) <u>Appearance as Attorney of Record</u>.

> (1) <u>Appearance Required</u>. Except as permitted in Subpart (c) of this Rule, no attorney may participate in any action unless the attorney has appeared as an attorney of record. A single client may be represented by more than one attorney of record to the extent authorized by the applicable Rules of Professional Conduct.
>
> (2) <u>Manner of Making Appearance</u>. Appearance as an attorney of record is made:
>
>> (A) By signing and filing an initial document;
>>
>> (B) By causing the attorney's name to be listed in the upper left hand corner of the first page of the initial document;
>>
>> (C) By physically appearing at a court hearing in the matter, formally stating the appearance on the record, and then signing and filing a confirmation of appearance within seven (7) days; or
>>
>> (D) By filing and serving on all parties a substitution of attorneys as provided in Subpart (h) of this Rule.

LBR 2017-1(b). Another part of the local rule then provides,

> (A) <u>Scope of Representation in Bankruptcy Cases and Proceedings</u>.
>
> . . .
>
> (2) An attorney appearing in a bankruptcy case or in an adversary proceeding may not withdraw from representation, or decline to act on behalf of the client, without first complying with the withdrawal requirements of Subpart (e) of this Rule. Any contract or agreement which purports to limit the scope of an attorney's representation, except as permitted by Subpart (a)(1) of this Rule, will not be recognized by the Court.

LBR 2017-1(a)(2).

nor his witnesses had any personal recollection that this "policy" was followed in connection with the Debtors' cases, and nothing in Blevins' case files suggests that the "policy" was followed. The court is persuaded that the fees received by Blevins exceeded the value of the services he provided. Any benefit the Deans and Searcy received at the conclusion of their bankruptcy cases were essentially a result of the bankruptcy process, and Blevins' office only provided the necessary forms and the clerical services. *See In re Dalton*, 101 B.R. at 821.

      <u>Blevins' Fee Agreements.</u> BAPCPA imposes specific obligations on "debt relief agencies"[6] for the benefit of "assisted persons,"[7] including a debt relief agency's obligation to make certain disclosures to an assisted person. *See, e.g.*, 11 U.S.C. § 527. BAPCPA also requires that a written contract between a debt relief agency and an assisted person "clearly and conspicuously" explain the services to be provided and the fees or charges for such services, 11 U.S.C. § 528(a)(1), and that a copy of this "fully executed and completed contract" be provided to the assisted person, 11 U.S.C. § 528(a)(2). Blevins' law office is considered to be a "debt relief agency" within the meaning of the Bankruptcy Code. *See* 11 U.S.C. § 101(12A); *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010) (holding that "attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies within the meaning of the BAPCPA"). Therefore, pursuant to § 528(a), Blevins had an obligation to provide his clients with a copy of the "fully executed and completed contract," containing the information required by the statute.

      Blevins' Fee Agreements with the Debtors do not satisfy these statutory requirements. Blevins' attempt to use a "one-size-fits-all" form for his fee agreements with his bankruptcy clients is simply inappropriate. These form fee agreements, as demonstrated by the Fee Agreements with the Debtors, do not describe the specific

---

[6] A "debt relief agency" is defined in § 101(12A) of the Code.

[7] An "assisted person" is defined in § 101(3) of the Code.

8

services to be provided (other than a general statement that Blevins would represent his clients in their chapter 7 case), nor do they list the fees or costs to be charged (other than stating that the fixed fee, whatever that may be, is not refundable). Therefore, Blevins' Fee Agreements with the Debtors did not comply with the requirements of § 528(a)(1) of the Code, making them void and unenforceable. *See* 11 U.S.C. § 526(c)(1). Based on this impropriety alone, Blevins' fees may be ordered disgorged. *See Gargula v. Bisges (In re Clink)*, No. 10-21489-DRD-7, 2013 WL 1741945, at *2 (Bankr. W.D. Mo. Apr. 23, 2013) (ordering, pursuant to authority under § 105(a), that debtor's attorney disgorge all fees paid for failing to obtain written contract with debtor in violation of § 528(a)); *cf. Berry v. U.S. Tr. (In re Sustaita)*, 438 B.R. 198, 212–13 (9th Cir. BAP 2010) (noting that bankruptcy court may impose appropriate civil penalty under § 526(c)(5)(B) for an intentional violation of § 526 but reversing court's imposition of sanctions for lack of adequate notice to sanctioned petition preparer). In addition, the evidence shows that neither the Deans nor Searcy received a copy of the fully-executed Fee Agreements as is required by § 528(a)(2).

<u>Blevins' Misuse of Virtual Signatures.</u> Lastly, the court considers Blevins' filing of documents with the Debtors' virtual "/s/" signatures. In essence, the documents that Blevins filed with the court falsely represented on their face that they had been reviewed by the Debtors and verified by them as truthful under penalty of perjury.

Bankruptcy Rule 5005 provides that "[a] court may by local rule permit or require documents to be filed, signed, or verified by electronic means." Fed. R. Bankr. P. 5005(a)(2). This district's Local Bankruptcy Rule 9004-1, in turn, allows the use of electronic signatures in documents electronically filed through the court's ECF system. *See* LBR 9004-1(c)(1)(A), (B)(iii). However, the local rule specifically prohibits the inappropriate use of electronic signatures on e-filed documents and imposes certain restrictions and requirements on this privilege. *See* LBR 9004-1(c)(1)(C), (D). The rule is clear as to what is required of attorneys: They must possess a signed original document when they file the electronic version, LBR 9004-1(c)(1)(C), and they must retain that

original document for three years, LBR 9004-1(c)(1)(D).

Here, Blevins failed to do either in the two bankruptcy cases. In both cases, Blevins did not obtain "wet signatures" from the Debtors prior to filing their documents, even though those filed documents showed the Debtors' "/s/" signatures.[8] As Local Bankruptcy Rule 9004-1(c)(1)(C) explicitly provides, by filing a document with a debtor's electronic signature, Blevins was representing to the court that a copy of that document with the debtor's original signature exists at the time of that document's filing. Thus, with each filed document bearing an electronic signature, Blevins made a false representation to the court.

Without truthful, accurate, and complete documents, the bankruptcy system simply cannot function. *See Kavanagh v. Leija (In re Leija)*, 270 B.R. 497, 501 (Bankr. E.D. Cal. 2001) (citing *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir. 1987)). This court has previously ruled that the signing of bankruptcy documents under penalty of perjury, without actually reviewing and verifying the accuracy of those documents, is a per se false oath warranting denial of the debtor's discharge. *See id.* at 503–04. The value of Blevins' services is further diminished by the fact that he carelessly exposed his clients to the risk of discharge litigation and the possibility of losing the only real benefit in their cases—a chapter 7 discharge—for which they paid him a fee in the first place.

**Conclusion.**

Based on the foregoing, the Motions will be granted. Within 10 days, respondent Gregory Blevins, Esq., shall disgorge to the Deans the monies he received in connection with the Deans' bankruptcy case in the amount of $1,200. Also, within 10 days, Blevins shall disgorge to Searcy's parents the monies they paid on behalf of Searcy in connection with her bankruptcy case in the amount of $1,000. Blevins shall also file proof of the

---

[8] At trial, Blevins conceded his failure to obtain his clients' actual signatures on the documents filed with the court and to sign those documents himself, and he offered, through his counsel at closing argument, to abide by an order requiring him to file copies of future petitions and schedules with "wet signatures."

10

disgorgement with the court.

In addition, for a period of two years, commencing July 1, 2013, Blevins may not file any documents with electronic signatures in the Bankruptcy Court for the Eastern District of California without also filing copies of the "wet signatures" for said documents, affirmatively showing that the original documents had been reviewed and signed by his clients and, where applicable, by himself.

Dated: June 28, 2013

W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
Service List - Not Part of Order

The Clerk of Court is instructed to send the Order or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:


Allen Broslovsky, Esq.
Attorney at Law
613 West Noble Avenue
Visalia, CA 93277

Gregory Blevins, Esq.
Attorney at Law
220 North J Street
Tulare, CA 93274

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721